UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JERALD THOMAS #317932,

        Plaintiff,

                                       Case No. 2:07-cv-13
v.                                   HON. ROBERT HOLMES BELL

FERNANDO FRONTERA,

        Defendant.

_____/


**REPORT AND RECOMMENDATION**


        Plaintiff Jerald Thomas, an inmate at the Southern Michigan Correctional Facility,

filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Fernando E.

Frontera, who was employed as a physician at the Alger Maximum Correctional Facility during the

pertinent time period.  Plaintiff alleges in his complaint that Defendant denied his Lactaid for several

days in retaliation for his use of the grievance system.  Plaintiff claims that he suffered from pain and

diarrhea as a result.  In addition, Plaintiff contends that he began suffering from chest and stomach

pains in December of 2005.  Plaintiff had a liver biopsy in February of 2006 and was found to have

Auto-Immune Deficiency Syndrome, which caused damage to his liver.  Plaintiff asserts that

Defendant has been deliberately indifferent in his treatment of Plaintiff's medical condition.

        Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(6) for failure to demonstrate exhaustion of administrative remedies.  A motion to dismiss

under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether

the plaintiff would be entitled to relief if everything alleged in the complaint is true.  *Mayer v.*

*Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A] complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

its claim which would entitle [the plaintiff] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The court must construe the complaint in the light most favorable to plaintiff.  *Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974).  A judge may not dismiss the complaint simply because he disbelieves

the complaint's factual allegations.  *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and

the grounds upon which it rests."  *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th

Cir. 1993) (*quoting Conley*, 355 U.S. at 47).  The fundamental purpose of pleadings under the

Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and

to allow cases to be decided on the merits after an adequate development of the facts.  *Mayer*, 355

U.S. at 638.  While this standard is decidedly liberal, it requires more than the bare assertion of legal

conclusions.  *Delorean*, 991 F.2d at 1240.  "In practice, a complaint must contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under some viable

legal theory."  *Id.* (internal quote omitted).

In his motion to dismiss, Defendant contends that Plaintiff has failed to sufficiently

allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a),

a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust

available administrative remedies.  *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007).  *See also Booth

v. Churner*, 121 S. Ct. 1819, 1823-24 (2001).  A prisoner must exhaust available administrative

remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the

state administrative process.  *See Booth*, 121 S. Ct. at 1823; *Knuckles El v. Toombs*, 215 F.3d 640,

642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000); *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir.

1999); *Wyatt*, 193 F.3d at 878-79; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and

prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." The

Supreme Court rejected a finding that the PLRA requires a prisoner to specifically name defendants

in their grievances. Rather, the Court defined the level of detail necessary to exhaust as simply

compliance with the administrative grievance process. Accordingly, exhaustion is satisfied if

plaintiff complied with the grievance procedures of the Michigan Department of Corrections.

Moreover, the burden is on Defendant to show that Plaintiff failed to exhaust when asserting

exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme

Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion

as an affirmative defense, only the unexhausted claim may be dismissed.

In his motion to dismiss, Defendant notes that Plaintiff has attached copies of his

grievance and subsequent appeals to his complaint. Defendant asserts that the grievance, dated

May 2, 2006, was rejected as duplicative at all three steps of the grievance procedure. In *Woodford*

*v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court held that a prisoner fails to satisfy the

Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise

procedurally defective administrative grievance. Defendant relies on *Woodford* for the proposition

that Plaintiff has failed to comply with the exhaustion requirement. However, the fact that Plaintiff's

grievance was "duplicative" implies that he previously filed a grievance on the issues raised in his

complaint. The burden is on Defendant to show that Plaintiff did not in fact file such a grievance.

Because Defendant has not met this burden, the undersigned recommends that Defendant's motion

to dismiss (Docket #4) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   April 2, 2007