UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JERALD THOMAS,

    Plaintiff,

v.

FERNANDO FRONTERA,

    Defendant.
                                    /

File No. 2:07-cv-13

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER
ADOPTING THE REPORT AND RECOMMENDATION**

      This matter is before the Court on Plaintiff Jerald Thomas's complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner, alleges that Defendant, a medical doctor, was deliberately indifferent to Plaintiff's medical needs, in violation of the Eighth Amendment. Defendant filed a motion for summary judgment. (Dkt. No. 54.) On September 23, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendant's motion for summary judgment. On October 10, 2008, Plaintiff filed objections to the R&R. (Dkt. No. 62.)

      This Court is required to make a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id*.

After review of the R&R and Plaintiff's objections thereto, the Court concurs with the conclusions of the R&R.

As stated in his objections, Plaintiff's assertion is that Defendant did not order the "*proper* test in a timely fashion" to confirm diagnosis of autoimmune hepatitis. (Dkt. No. 62, Pl.'s Objs. to R&R 2.) This claim is without merit. Plaintiff contends that a doctor at the hospital emergency room recommended a liver biopsy in early December 2005, but that this biopsy was not performed until February 27, 2006. Plaintiff contends that he was harmed by this delay in performing the diagnostic test because it allowed his condition to go untreated. (Pl.'s Objs. to R&R 4.) However, Plaintiff mischaracterizes the evidence. Plaintiff acknowledged in his deposition that Defendant was *already treating him* for this condition with medication as of January 2006. (Dkt. No. 54, Defs.' Ex. B, Frontera Dep. 17-18.) Moreover, Plaintiff has failed to show, "with verifying medical evidence in the record[,]" "the detrimental effect of [any] delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001). Thus, the Court concurs with the R&R that Plaintiff has not shown that any delay in receiving this particular diagnostic test, when considered together with the unchallenged evidence of medical care and attention that Plaintiff received before, during, and after the time that this diagnostic test was performed, constituted an Eighth Amendment violation.

Having conducted the required review of the R&R and Plaintiff's objections thereto, the Court concurs with the conclusions of the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. No. 60) is **APPROVED** and **ADOPTED** as the opinion of this Court, and Defendant Fernando Frontera's motion for summary judgment (Dkt. No. 54) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's objections to the Report and Recommendation (Dkt. No. 62) are **DENIED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of Defendant Fernando Frontera on Plaintiff's claims.

**This case is closed.**


Dated: April 2, 2009                               /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE